## APPEAL OF F. N. JOHNSON CO.

Docket No. 2627.   Submitted June 1, 1925.   Decided June 30, 1925.

The taxpayer overvalued inventory at the close of each of the years 1917, 1918, and 1919. The Commissioner made adjustments of income by which, in effect, the overvaluation at the beginning of each of the years 1918 and 1919 was added to income and the overvaluation at the end of such years was subtracted therefrom. *Held*, that such adjustments were correct.

*A. Jay Miller* and *Alfred L. Geiger*, *Esqs.*, for the taxpayer.
*M. N. Fisher*, *Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the taxable years 1918 and 1919, in the respective amounts of $5,790.83 and $634.34—a total of $6,425.17.

FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of Ohio, with its principal office and place of business at Bellefontaine.

For reasons not material to this appeal the taxpayer, for many years prior to the taxable years here in question and during those taxable years, took its inventory at market, regardless of whether market was above or below cost. For the taxable years here in question, market value of inventory so taken was above the cost. As of December 31, 1917, 1918, and 1919, the excess of market value over the cost of inventory was as follows:

| | |
|---|---|
| 1917 | $15, 257. 23 |
| 1918 | 11, 006. 33 |
| 1919 | 12, 896. 51 |

The Commissioner, in the course of the determination of the deficiency of the taxpayer, made adjustments on account of the above-mentioned erroneous methods of computing inventory, which adjustments, with others not here in issue, are set out in the deficiency letter sent to the taxpayer by the Commissioner, as follows:

### 1918.

| | | | |
|---|---|---|---|
| Net income shown in agent's report dated May 7, 1924 | | | $18, 357. 19 |
| Inventory as at Dec. 31, 1917, overstated by | $15, 257. 23 | | |
| Inventory as at Dec. 31, 1918, overstated by | 11, 006. 32 | | |
| Cost of goods sold, overstated for 1918 | $4, 250. 91 | | |
| Less: | | | |
|     Additional interest allowable, | $906. 39 | | |
|     Additional depreciation on building, cost $31,560.00, at 3 per cent | $946. 80 | | |
| Amount deducted | 631. 20 | | |
| Amount allowable | 315. 60 | | |
| | | $1, 221. 99 | |
| | | | $3, 028. 92 |
| Adjusted net income | | | 21, 386. 11 |

### 1919.

| | | |
|---|---|---|
| Net income as shown on revenue agent's report dated May 7, 1924 | | $22, 312. 82 |
| Inventory as at Dec. 31, 1918, overstated by | $11, 006. 32 | |
| Inventory as at Dec. 31, 1919, overstated by | 12, 896. 51 | |
| Cost of goods sold, understated | 1, 890. 19 | |
| Additional interest deductible | 828. 08 | |
| Additional depreciation on building | 315. 60 | |
| | | 3, 033. 87 |
| Adjusted net income | | 19, 278. 95 |

### DECISION.

The determination of the Commissioner is approved.

92208—26——17

OPINION.

JAMES: The taxpayer alleges error on the part of the Commissioner in making the above computation and appears to contend that the entire amount of the write-up of the several years in question should be deducted from net income.

Both the taxpayer and the Commissioner have submitted briefs indicating their respective methods of computation. Neither of these, however, is clear or ties together the adjustments in income and the inventory adjustment in such a manner as clearly to indicate the solution of the problem.

It is manifest that the written-up amount in the respective inventories at the close of the years 1917, 1918, and 1919 must be eliminated from those inventories for the purpose of correctly determining the net income of the taxpayer. In fact, both the taxpayer and the Commissioner are on common ground with respect to this principle; they differ only as to the method whereby it is to be accomplished.

It would seem that the most direct and ready test of the correctness of the method used by the Commissioner would be to eliminate the overvaluation of inventory from the closing inventory of 1917, 1918, and 1919, and to recompute the taxable income of the years here in question upon that basis. If such a recomputation shows the same income as that determined by the Commissioner, his result is manifestly correct; if it shows a different net income, his computation must necessarily be erroneous.

The following table is constructed from the original income-tax return made by the taxpayer, from the report of the examining revenue agent, from the profit and loss account as shown by the taxpayer's books, and from the computations contained in the deficiency letter sent to the taxpayer by the Commissioner:

1918.

| | | |
|---|---:|---:|
| Inventory, Jan. 1, 1918 | $112, 972. 98 | |
| Less write-up Dec. 31, 1917 | 15, 257. 23 | |
| | | $97, 715. 75 |
| Purchases | | 639, 012. 09 |
| Total | | 736, 727. 84 |
| Inventory Dec. 31, 1918 | $139, 887. 31 | |
| Less write-up | 11, 006. 32 | |
| | | 128, 880. 99 |
| Cost of goods sold | | 607, 846. 85 |
| Gross sales | | 670, 942. 38 |
| Gross profit | | 63, 095. 53 |
| Other income | | 17, 575. 24 |
| Gross income | | 80, 670. 77 |

Deductions per income-tax return_____ $61, 151. 85

  Net income adjusted for write-up of inventories_____ 19, 518. 92
Additions by revenue agent not in dispute_____ ˙3, 124. 84

  Total _____ 22, 643. 76
Reductions by bureau deficiency letter_____ 1, 221. 99

  Corrected net income_____ 21, 421. 77
Unexplained difference between net income per return
 and per books:
  Per return _____ $15, 268. 01
  Per books _____ 15, 232. 35
                     35. 66

  Net income per deficiency letter_____ 21, 386. 11

The inventory with which the above table begins is the inventory used by the taxpayer at the close of 1917 and includes the write-up of $15,257.23. Deducting this amount gives the correct inventory at the beginning of the year 1918, as shown in the table. Adding the purchases, as shown by the books, gives a corrected total of inventory and purchases for the year, with the elimination of the write-up to market value which is here in issue. Then deducting from the inventory at the close of the year the write-up here in issue, leaves a corrected inventory at the close of the year. Deducting that figure from the total of inventory and purchases at the beginning of the year, gives a corrected figure for the cost of goods sold. Deducting this from the gross sales gives a corrected figure for gross profit. Adding to that the other income of the taxpayer, not in dispute and reported by the taxpayer upon its original return, gives a corrected gross income for the year. Subtracting the deductions shown on the return of the taxpayer, gives a net income adjusted on account of the write-up of inventory. Then follow the adjustments made by the revenue agent and by the Commissioner, which are not in dispute in this proceeding. The result is a net income of $21,421.77. This differs from the net income shown by the Commissioner in his deficiency letter by an amount of $35.66, which amount is explained by the difference between the book and net income of the taxpayer and the net income shown by the taxpayer upon its original return.

It is clear from the foregoing that the method pursued by the Commissioner in adjusting the net income of this taxpayer on account of the write-up of inventory values was correct for the year 1918; and since the principle adopted was manifestly correct, it follows that the like adjustment for the year 1919 was also correct.

Since all the other additions made by the Commissioner to the income of the taxpayer and the adjustments in its invested capital are admitted to be correct, it follows that the determination of the Commissioner of the deficiency here in issue must be affirmed in its entirety.